Case 6:15-cv-00017   Document 245   Filed on 08/27/25 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
August 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RICHARD MACIAS, *et al.*, | § § § § | |
| Plaintiffs, | | |
| VS. | § | CIVIL ACTION NO. 6:15-CV-00017 |
| EXTREME RC BY RSI, LLC, *et al.*, | § § § § | |
| Defendants. | | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

This products liability, personal injury, and wrongful death action was originally filed in this Court based on diversity jurisdiction. However, because there is no longer complete diversity among the parties as set forth below, the undersigned **RECOMMENDS** this case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**I.   JURISDICTION**

Plaintiffs originally filed this action in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). United States District Judge Drew B. Tipton referred this case to the undersigned Magistrate Judge for case management and to make recommendations on dispositive motions pursuant to 28 U.S.C. § 636. (D.E. 180). Subject matter jurisdiction is now lacking because the parties are no longer entirely diverse. All parties agree. (D.E. 239, D.E. 240, D.E. 241, D.E. 242, D.E. 244).

## II.     BACKGROUND

On December 28, 2014, Plaintiffs and their family were living in their residence in Victoria, Texas. While the family slept, a fire broke out resulting in the death of minor child D.M. and serious injuries to minor children G.M., C.M., and Z.M. Plaintiffs allege the fire was caused by a remote-control car which the family had recently purchased from a 7-Eleven convenience store in Victoria, Texas. Plaintiffs allege the remote-control car and battery were defective, unreasonably dangerous and caused the fire. Plaintiffs raise claims against the manufacturers of the car and battery and the downstream sellers for strict liability, breach of warranty and negligence.

The procedural history is somewhat complicated because it involves amended complaints, intervenor complaints and crossclaims. The undersigned provides a simplified summary of the procedural history of only matters relevant to the Court's jurisdiction. The manufacturers of the toy car and battery are companies in the People's Republic of China. The Chinese companies have not appeared in this action. The downstream sellers are businesses operating in the United States and have all appeared.

On April 10, 2015, the original Plaintiffs filed their original complaint against Extreme RC by RSI, LLC ("Extreme RC"), a Michigan Company. (D.E. 1). On September 29, 2015, an Intervenor Complaint was filed. (D.E. 18).  On February 1, 2016, Plaintiffs filed their Second Amended Complaint against Extreme RC, adding as defendants Amjay Distributing, Inc. ("Amjay"), Galaxy, Inc. ("Galaxy"), and the Chinese manufacturers. At this stage of the case, there was complete diversity among the parties and the requirements of diversity jurisdiction were otherwise met. All pleadings alleged each of the Plaintiffs and Intervening Plaintiff are citizens of

Texas. Defendants Extreme RC and Amjay are Michigan entities. (D.E. 21). Galaxy is a New York Corporation.

On March 3, 2016, the Intervenor Plaintiff filed his First Amended Original Complaint in Intervention which added 7-Eleven Inc. ("7-Eleven") as a defendant. (D.E. 27). This Intervenor-Complaint alleges 7-Eleven is a domestic for-profit corporation conducting business in the State of Texas and transacting business in Victoria, Texas. The jurisdiction paragraph states the case is between citizens of different states or countries but does not state the citizenship of 7-Eleven. 7-Eleven admits in its Answer to the Amended Intervenor Complaint that it is a domestic corporation but states it is without sufficient information to admit or deny the jurisdictional averments. (D.E. 38). By this time, Extreme RC, Amjay, and Galaxy had appeared by filing Answers to the various pleadings.

On December 1, 2016, Plaintiffs filed a Motion for Leave to File Complaint in Intervention in the Intervention Filed by Edward Macias, Jr. (D.E. 57). With this pleading, Plaintiffs sought to intervene in the intervention. The motion was granted, and the Intervention Complaint was docketed on December 27, 2016. In this Complaint in Intervention, Plaintiffs also raised claims against 7-Eleven. (D.E. 59). ***In this pleading***, ***Plaintiffs allege that 7-Eleven is a <u>Texas Corporation doing business in the State of Texas</u>.*** (D.E. 59, p. 3). Neither the lawyers nor the Court raised the issue of 7-Eleven being a citizen of Texas and whether diversity jurisdiction was lacking.

On December 30, 2016, the Court ordered the case administratively closed until such time as Plaintiffs obtained service on the Chinese defendants. (D.E. 60). Over the course of several

years, the case was opened and closed a few times in connection with efforts to serve the Chinese defendants. (D.E. 71, D.E. 82). The case was again reopened on January 17, 2021. On May 17, 2024, Plaintiffs filed their Fourth Amended Complaint and Intervenor-Plaintiffs' Second Amended Complaint in Intervention in which 7-Eleven remains a defendant. (D.E. 157). This is the Plaintiffs' operative pleading. The operative pleading for the Intervenor Plaintiff is his First Amended Original Complaint in Intervention (D.E. 27) in which 7-Eleven remains a defendant.

On August 4, 2025, the Court was concerned diversity may not be complete because Plaintiffs and Defendant 7-Eleven are citizens of Texas. The undersigned ordered the parties to complete and file forms regarding the citizenship of the parties and to state their positions regarding whether this Court has jurisdiction. (D.E. 217). The parties filed the citizenship forms each indicating that 7-Eleven is a citizen of the state of Texas for purposes of diversity in this action. (D.E. 234, D.E. 235, D.E. 236, D.E. 237, D.E. 238). However, the parties were not entirely clear at that time about their positions as to whether jurisdiction presently exists.

Therefore, on August 12, 2025, a hearing was held before the undersigned at which each counsel on behalf of their respective clients agreed that based on the operative pleadings and jurisdictional facts, there is currently no diversity jurisdiction because Plaintiffs and Defendant 7-Eleven are citizens of the State of Texas. (D.E. 239). At that time, the parties did not all agree on the appropriate course of action, be it dismiss the entire case without prejudice or separately dismiss 7-Eleven from the action and retain jurisdiction over the remaining parties. (D.E. 239). The parties were ordered to submit briefing and show cause why the case should not be dismissed for lack of jurisdiction. (D.E. 239). The parties' briefs have been filed. (D.E. 240, D.E. 241, D.E.

242, D.E. 244)[1]. All parties now do not dispute that jurisdiction is lacking and that that 7-Eleven is an essential or indispensable party. (D.E. 240, D.E. 241, D.E. 242, D.E. 244).

## III.   APPLICABLE LAW

Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). United States District Courts have a duty to examine their jurisdiction and may do so *sua sponte* when necessary. *Fira v. Chesapeake Operating, LLC*, No. SA-19-cv-40-OLG, 2020 WL 7629076, at *1 (W.D. Tex. June 12, 2020) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

Diversity jurisdiction under 28 U.S.C. § 1332 is one such statutory grant of jurisdiction to United States Courts. Section 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."

Complete diversity of the parties is required under section 1332. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). "That means 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Id.* (citation omitted). Ordinarily when a Plaintiff and defendant are citizens of the same state, diversity

---

[1] The undersigned also set a deadline for replies, but as the parties agree the Court lacks jurisdiction, the undersigned enters this M&R before the deadline to file a reply. Any party wanting to be heard further on this matter may file objections to this M&R within 14 days. Alternatively, the parties may file a statement of no objection to this M&R and Waiver of the objection period if an expedited ruling is desired.

jurisdiction is destroyed. *McLaughlin*, 376 F.3d at 353. "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

A corporation is a citizen of every state by which it has been incorporated and where it has its principal place of business. 18 U.S.C. 1332(c)(1). "A corporation's principal place of business is its 'nerve center'—*i.e.*, 'the place where [the] corporation's officers direct, control, and coordinate the corporation's activities.' Ordinarily, the nerve center is 'the place where the corporation maintains its *headquarters*.'" *Villamil v. Fayrustin*, 730 F. Supp. 3d 328, 337 (W.D. Tex. 2024) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

When examining diversity of citizenship, the general rule is that diversity is determined by examining the citizenship of the parties at the time the lawsuit was filed. *See Harris v. Black Clawson* Co., 961 F.2d 547, 549 (5th Cir. 1992). However, this general rule is usually invoked when a party later moves states or changes citizenship. *See Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974) (jurisdiction is unaffected by subsequent changes in the citizenship of the parties) (citations omitted); *Scott v. Commc'n Servs., Inc.*, 762 F. Supp. 147, 151 (S.D. Tex. 1991), *aff'd sub nom. Scott v. Commc'n Services*, 961 F.2d 1571 (5th Cir. 1992) (change of party's citizenship after commencement of action does not affect diversity jurisdiction). The rule does not mean that only the parties named in the original complaint are considered when determining whether there is complete diversity.

While some developments in a case may not necessarily destroy diversity, the Fifth Circuit has made clear that "the addition of a nondiverse defendant will." *See generally Doleac ex rel.*

*Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987)). This makes sense as a Plaintiff could avoid the requirements of complete diversity by only naming diverse defendants in the original complaint and then amending to add nondiverse defendants later. If plaintiffs were able to avoid the requirements of complete diversity merely by amending to add nondiverse defendants after the initial pleadings, "the rule of complete diversity might be undermined and the limited subject matter jurisdiction of the federal courts improperly expanded." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3608 (3d ed. 2009).

Therefore, when an essential, nondiverse party is added and complete diversity is destroyed, district courts typically remand the case to state court, dismiss the entire case without prejudice or dismiss the nondiverse party without prejudice to retain jurisdiction as to the remaining diverse defendants. Remanding to a state court is not an option in the present case because the case was originally filed in federal court. This Court lacks a procedural method to remand Plaintiff's case to a state forum. *Tanner v. Honda*, No. 3:09-cv-2209-D, 2010 WL 4789150, at *1 (N.D. Tex. Nov. 17, 2010); *Allen v. C & H Distribs., LLC*, No. 10-cv-1604, 2011 WL 13161418, at *1 (W.D. La. Feb. 17, 2011) ("This case was not removed, so the court has no ability to remand or transfer it to state court."); *Petrini v. Naran*, No. 1:24-cv-202-RP, 2024 WL 4547322, at *2 (W.D. Tex. Oct. 22, 2024) (Finding federal statutes "cover removal from state court to federal court (and subsequent remand from federal to state court) but do not provide [Plaintiff] with an avenue to ask this Court to remand her case to state court…where Plaintiff initiated the case in federal court and the case was not removed from state court").

Therefore, this Court must decide between dismissing the entire case without prejudice or dismissing on 7-Eleven without prejudice. The resolution of that question depends on whether or not 7-Eleven's presence to the suit is essential. Federal Rule of Civil Procedure 21 permits a district court to "drop a nondiverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction." *Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770, 774 (5th Cir.1986); *Bates v. Laminack*, 938 F. Supp. 2d 649, 653 (S.D. Tex. 2013). Rule 21 invests the district court with authority to dismiss a dispensable nondiverse party to cure a jurisdictional defect. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832 (1989); *Dayton v. Indep. Sch. Dist. v. U.S. Mineral Prods. Co.,* 906 F.2d 1059, 1067 (5th Cir. 1990). The Rule 21 analysis requires consideration of Rule 19.

> [A] Court may exercise this discretion under Rule 21 only if the nondiverse party is dispensable to the plaintiff's action under Rule 19. Rule 19 directs federal courts to join "required" parties when feasible. When joining a "required" party is not feasible—such as when its joinder would defeat diversity jurisdiction—"the court must determine whether the party is merely necessary to the litigation, or in fact indispensable." If the parties are indispensable, the proper action is to dismiss the entire case for lack of subject matter jurisdiction.

*NOLA Health Sols., LLC v. New Orleans Reg'l Physician Hosp. Org., Inc.*, No. CV 18-7007, 2019 WL 2410938, at *7 (E.D. La. June 7, 2019) (internal quotation marks omitted).

Rule 19(b) directs courts to consider four factors in assessing whether a party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;

  (3) whether a judgment rendered in the person's absence would be adequate; and

  (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*NOLA Health Sols., LLC*, 2019 WL 2410938, at * 7 (citing Fed. R. Civ. P. 19(b)).  Whether a party is indispensable centers around how the decision will affect the parties and the litigation process. *Beta Tech., Inc. v. State Indus. Prods. Corp.*, No. CIV.A. 06-735-SCR, 2008 WL 2782874, at *3 (M.D. La. July 15, 2008) (citing *Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885, 888–89 (5th Cir. 1968)); *McAuslin et al v. Grinnell Corp.,* No. CIV.A. 97-803, 2000 WL 1059850 (E.D.La. Aug. 1, 2000).

## IV. ANALYSIS

  All parties agree Defendant 7-Eleven, Inc. is a citizen of the state of Texas.  The record in this case supports this finding.  (D.E. 236, D.E. 241). 7-Eleven is incorporated in the state of Texas, has its headquarters here and Texas is the base of its operations. Texas is where the central nervous system of 7-Eleven is located. The undersigned finds Defendant 7-Eleven, Inc. is a citizen of the state of Texas. The undersigned further finds each of the Plaintiffs is a citizen of the state of Texas. (D.E. 234).  Therefore, the undersigned also finds diversity is not complete based on the operative pleadings and jurisdictional facts in the instant case.

The next question is, what does the Court do about it? As set forth above, remand is not an option because the case was originally filed in federal court. The Court must either dismiss the entire case without prejudice or dismiss only 7-Eleven, the nondiverse party.

Before specifically considering the Rule 19(b) factors, the undersigned begins with a general analysis noting that separately dismissing 7-Eleven from this action would create significant, otherwise avoidable problems for the parties as well as both the state and this court. The foreign defendants are never going to appear in this action. The case is now about the liability, or lack thereof, of the three downstream defendants, of which 7-Eleven is one.

The claims and defenses of the remaining parties are inextricably intertwined. Plaintiffs currently assert claims against Extreme, Amjay, Galaxy, 7-Eleven, Haiboxing, and Huahui; and Intervenor-Plaintiffs currently assert claims against Extreme, Amjay, Galaxy, 7- Eleven, Haiboxing, and Shenzhen. (D.E. 157, D.E. 27).  Amjay asserts a claim against Extreme. (D.E. 43). 7-Eleven asserts a claim against Galaxy. (D.E. 190, D.E. 195). Galaxy and 7-Eleven have filed a Motion for Leave to assert claims against Extreme. (D.E. 193).

Additionally, 7-Eleven's role in this case is not minor because the remote-control car was purchased from a 7-Eleven store. If 7-Eleven is not a litigant to defend itself and present its version of the facts and defenses, the finder of fact will likely not hear a complete presentation of the facts in the case. The adversarial process depends on the presence of the adversary to test, challenge and develop the facts and legal issues. If 7-Eleven were dismissed, Plaintiffs would certainly pursue its claims in state court. Having two separate trials, one in state court and one in federal court, may very likely result in inconsistent verdicts. The complicated legal questions relating to

the effect of competing verdicts and the rights of the parties could certainly be resolved by the Courts. However, it is more efficient for this Court not to unnecessarily complicate matters and prejudice the parties, burden the state courts, this Court, and possibly, the Fifth Circuit. The resolution of problems associated with separately dismissing 7-Eleven would take years and the legal costs would be substantial. These problems will be avoided if the Court dismisses the entire case without prejudice for lack of subject matter jurisdiction.

The issues presented in Plaintiffs' Amended Motion for Partial Summary Judgment (D.E. 205, D.E. 214) are relevant to the determination of whether 7-Eleven is indispensable to this action. (D.E. 208, D.E. 211). Section 82.003 of the Texas Civil Practices and Remedies Code provides that nonmanufacturing sellers are typically exempt from liability for products they sell. However, the exemption does not apply when the manufacturer is not subject to the Court's jurisdiction. Plaintiffs argue in the motion that the Chinese manufacturers are not subject to the Court's jurisdiction and therefore, the nonmanufacturer exemption does not apply to the downstream sellers. *Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 105–09 (Tex. 2021). Defendants argue the exemption applies, for several reasons, primarily because Plaintiffs have not shown the foreign manufacturers are not subject to this Court's jurisdiction. (D.E. 208, D.E. 211). 7-Eleven and Galaxy also argue the exemption is inapplicable because Extreme RC should be considered the manufacturer. (D.E. 208).

The nonmanufacturer exemption is relevant to the Court's jurisdictional analysis, because if the exemption applies then arguably none of the downstream sellers are liable and it would not matter if only 7-eleven is dismissed from this action. The undersigned has read and considered

the motion and responses of the parties. While not engaging in a formal analysis, Plaintiff's motion has merit because Plaintiff has established that the foreign defendants are not subject to this Court's jurisdiction because of a lack of minimum contacts. Even if the undersigned is wrong, this issue would certainly be presented to the state court if 7-Eleven is separately dismissed and there is a possibility the state court and this Court would decide the nonmanufacturer exemption differently. The issue of the nonmanufacturer exemption is central to the resolution of the case and should be decided by a single court to prevent inconsistent determinations of law. Therefore, the presence of the issue involving the Section 82.003 nonmanufacturer exemption in the instant case weighs in favor of dismissing the entire case without prejudice.

The undersigned recognizes the case will obviously be further delayed if the entire case is dismissed. However, most of the delay in this case resulted from the difficulty of serving the foreign defendants. Those delays would have been present in state court proceedings as well. While there will be delays in refiling the case in state court, the preparation efforts the parties have expended in the instant case will streamline their preparation for trial in state court and should minimize the prejudice of delay.

To the extent not addressed above, the Rule 19(b) factors are considered separately below. The first of the Rule 19(b) factors is the extent to which a judgment rendered in a party's absence might prejudice that party. The absent party would be 7-Eleven. If 7-Eleven were dismissed, it would be prejudiced by not having a single proceeding to resolve the issue of liability. There is no reason to believe Plaintiffs would not pursue 7-Eleven in state court, and, if that happened, 7-Eleven would almost certainly seek to raise claims against Extreme RC and Galaxy. 7-Eleven has

a live crossclaim against Galaxy (D.E. 172, D.E. 197) and a motion to file a cross claim against Extreme RC. (D.E. 193). 7-Eleven's motion for leave was filed within the pleading deadline of the applicable scheduling order and was filed before the Court identified the jurisdictional issue. The motion for leave will not be ruled on while the jurisdictional question remains pending, but without deciding, there exists a likelihood the motion would be granted. 7-Eleven's cross claims seek contribution and indemnity from Galaxy and Extreme RC. 7-Eleven would be prejudiced by not being able to pursue its cross claims in the same proceeding where liability of the remaining parties is determined.

The second factor is the extent to which prejudice could be lessened or avoided by protective provisions, shaping relief or other measures. The undersigned does not see how the prejudice described above could be lessened or avoided by any measures. Regarding the third factor, whether a judgment rendered in the party's absence would be adequate. A judgment in 7-Eleven's absence would likely be inadequate to at least one of the parties. If the finder of fact believed Galaxy and Extreme RC were not liable because 100% of the liability rested with 7-Eleven, such a result would be inadequate to Plaintiffs because no judgment could be entered against 7-Eleven in its absence. Galaxy and Extreme RC could equally be prejudiced and the verdict inadequate if Plaintiff were to prevail because failure to have 7-Eleven as a party could result in unfavorable and complicated questions regarding the apportionment of responsibility.

The last factor is whether Plaintiffs will have an adequate remedy if this action is dismissed. Texas has a statute, sometimes called the savings statute, that involves suspending the running of

the limitation period when a court lacks jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 16.064. The savings statute provides:

> (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
>
> (b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

During the hearing before the undersigned on August 12, 2025, counsel for Plaintiffs and Intervenor Plaintiff indicated they believed they will be able to pursue their claims in state court based on the provisions of the savings statute. The savings statute was designed to address the situation presently before the Court. This Court's dismissal for lack of jurisdiction and the application of the Texas savings statute should provide the Plaintiffs the ability to refile in state court if they do so in a timely manner and otherwise comply with the provisions of the statute. *See Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no writ) (liberally construing savings statute and reversing state trial court dismissal on limitations grounds). The Plaintiffs' case was initially properly filed in this Court based on diversity jurisdiction. Jurisdiction did not become an issue until the intervening Plaintiff amended and added 7-Eleven as a defendant. This

is not a case of intentional disregard of proper jurisdiction. The undersigned believes Plaintiffs will have an adequate remedy by pursuing their claims in state court.

## V. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the undersigned recommends this case be **DISMISSED without prejudice** for lack of subject matter jurisdiction because the parties are not entirely diverse.

Respectfully submitted on August 27, 2025.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).